No. 14,789.

ADAMS, doing business as SNOW WHITE LAUNDRY ET AL.
*v.* INDUSTRIAL COMMISSION ET AL.
(105 P. [2d] 403)

Decided August 7, 1940.   Rehearing denied September 16, 1940.

Mr. FINLAY M. ROBINSON, Mr. DARWIN D. COIT, Mr. ROY E. MONTGOMERY, for plaintiffs in error.

Mr. BYRON G. ROGERS, Attorney General, Mr. DEAN JOHNSON, Assistant, Mr. FRANK A. BRUNO, Assistant, Miss GRAYCE M. SMITH, for defendants in error.

*In Department.*

MR. JUSTICE BAKKE delivered the opinion of the court.

THIS is a workmen's compensation case. Defendant in error Harry H. Weber, who will hereinafter be referred to as claimant, was awarded compensation by the Industrial Commission for an injury sustained arising out of and in the course of his employment with plaintiff in error Mrs. Adams, doing business as Snow White Laundry. Review of the award was had in the usual manner in the trial court which affirmed the findings and award of the commission. We are here asked to reverse the award and deny compensation, or remand the matter for more explicit findings.

Concededly, the only question involved is whether or not the injury was sustained in an accident arising out of and in the course of claimant's employment. If it was so sustained, we are clearly of the opinion that the commission's findings were explicit enough for the purpose of this case.

The laundry was operated in the city of Golden, and part of the territory served included the towns of Central City, Idaho Springs, Blackhawk and others, all of which were on the route of one Fox, a driver employed by the laundry. Claimant had been employed by the laundry in the spring of 1939, and had talked with Mrs. Adams concerning the purchase of the business, but all negotiations fell through. Claimant was again employed August 30th, and on September 1st he accompanied Fox

in the latter's car in making delivery of three packages of laundry, and on the return trip the car collided with another machine at a highway junction which resulted in the alleged injury. Claimant's right is dependent upon whether he was directed to make the trip with Fox for the purpose of learning the route so that he could take it over while Fox was on his vacation or in the event he should tender his resignation. Claimant's testimony was that Mrs. Adams "asked me to go with Mr. Fox at the earliest possible time I could to learn the route. Mr. Mick, who was the general manager, asked me to go with him on that particular day." At the time of the accident the deliveries had been made and they were on their way home.

The theory of the defense is that claimant was not in the course of his employment at the time of the accident, but that he and his family had simply gone along for the ride. Some inference can be made from the evidence to support this, due to the fact that Fox and his wife sat in the front seat, while claimant and his wife and child occupied the rear seat, and they did not start the trip until after 6:30 p.m. On the other hand, Fox stated that his wife always went with him, and corroborated claimant in the latter's testimony concerning the learning of the route at the first opportunity. Mick, the manager, admitted that he knew Fox was going to make the trip, but did not know that claimant was going along.

The crucial testimony in the case was given by Mrs. Adams on cross examination when in response to the question, "Do you recall telling that you guessed something had been said about Harry Weber going up with Fox at sometime, but you had forgotten?" she replied, "I might have, but if you will recall this testimony just now I said I don't remember anything definite." And in response to a similar question on redirect examination, she simply stated that she did not remember having had

any conversation with either Fox or claimant on the subject.

The most that can be said for plaintiffs in error in this case is that the testimony was conflicting, and that while the inferences they draw therefrom are not unreasonable, they are no more reasonable than the inferences drawn by the commission in awarding compensation. We think the testimony of claimant and Fox, when considered in connection with the admitted facts, is sufficient to sustain the award.

Judgment affirmed.

MR. JUSTICE FRANCIS E. BOUCK and MR. JUSTICE KNOUS concur.